JUSTICE RICE,
concurring in part and dissenting in part.
¶19 I believe the Court has properly answered the issues raised by the Glueckerts regarding the interpretation of the grandparent visitation statute, but I disagree with the application of the statute to the evidence in this case.
¶20 The District Court’s order did not provide an analysis of the child’s best interest, but that would be reversible error only if it had first concluded that the presumption in favor of Kristin’s wishes, as a fit parent, had been overcome by the evidence. See In re Gardner, ¶ 12 (“Contact may be granted over a fit parent’s objections, if clear and convincing evidence establishes that the contact would be in the best interest of the child and the presumption in favor of the parent’s wishes has been rebutted.”). The Court here explains In re Gardner clarified that “any aspect of the contact sought by the grandparents” must be tested against both the presumption in favor of a fit parent’s wishes and then the best interests of the child. Opinion, ¶ 10 (emphasis added). Thus, it would be unnecessary for a district court to analyze the best interest issue if it concluded that the presumption in favor of the fit parent had not been overcome. Opinion, ¶ 16.
¶21 The District Court found that the Glueckerts have had a long *513 term, positive relationship with M.T., and that they “are capable, loving grandparents.” They reside in a “well-kept three-bedroom home and have the ability to meet M.T.G.’s needs.” The court concluded that, to the extent the Glueckerts want to have “regular, unsupervised contact with M.T.G. to enhance their bond with the child[,] [t]heir position is well-reasoned and sensible.” The court also found that, while the Glueckerts exercise unsupervised contact with M.T. while Thayer is home on leave, Kristin forbids such contact when Thayer is away on military service. In fact, the Glueckerts have been subjected to periods without any visitation at all with M.T.
¶22 If these findings are insufficient by themselves to rebut the presumption in favor of Kristin’s desire that no unsupervised contact between Glueckerts and M.T. be permitted, then Kristin’s own testimony provided the remaining clear and convincing evidence to do so, in my view. When asked under cross examination if M.T.’s visits with Glueckerts, as limited and supervised by Kristin and admittedly strained by the logistics she imposed, were in M.T.’s best interests, Kristin answered “Maybe not right now,” thereby acknowledging that such arrangements were not in M.T.’s best interest. When asked how such visits could be good for M.T., Kristin’s answer was “Well, that’s my right.” I would conclude on this record that the presumption in favor of Kristin’s wishes was overcome by the totality of the evidence — a conclusion that Kristin’s testimony virtually acknowledges.
¶23 That is not to say that the specific relief sought by the Glueckerts should be granted. Their request for multiple, multi-hour weekly unsupervised visits with M.T. may well be overreaching. However, my point is that, because I believe the Glueckerts rebutted the presumption by clear and convincing evidence, they were entitled to have the visitation issue subjected to a best interest determination by the District Court that would have set an appropriate schedule. The District Court reasoned that “[i]t is not the role of this Court to establish a set visitation schedule for grandparents on the basis that it believes regularly scheduled, unsupervised contact would be superior to the contact allowed by a fit parent,” but, assuming the presumption is overcome, that is the court’s duty. I would remand for consideration of that issue.